UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAMUEL A TABORN, Plaintiff, v. A.T. WALL, ET AL., Defendants. | C.A. No. 97-479S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

In 1997, Samuel A. Taborn ("Plaintiff") filed a Complaint against A.T. Wall and various other defendants ("Defendants") pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged violation of his constitutional rights while he was incarcerated at the Adult Correctional Institution in Cranston, Rhode Island. On July 24, 2003, following Plaintiff's failure to appear for five hearings in thirteen months, Magistrate Judge David Martin recommended that Defendants' Motion to Dismiss for failure to prosecute be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Wilson/Taborn v. Wall, No. CA 97-479S (D.R.I. July 24, 2003) (Report and Recommendation of Magistrate Judge Martin). On August 27, 2003, this Court adopted Judge Martin's recommendation and dismissed Plaintiff's case with prejudice.

Plaintiff has now filed, almost two years after his case was dismissed, a Request to [Re]Open his case, stating that at the time of his case's dismissal he was "too emotionally stressed out" to focus on the proceedings. (See Pl.'s Req. to Open at 3.)

Whether this Court views Plaintiff's Motion as one under Rule 59(e) or 60(b)(1), see Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994) ("[A]fter a judgment of dismissal plaintiff must move under Rules 59(e) or 60(b) to reopen the judgment.") (quoting 3 James W. Moore et al., Moore's Federal Practice ¶ 15.10 at 15-107 (2d ed. 1993)), it is too late, see Fed. R. Civ. P. 59(e) ("motion . . . shall be filed no later than 10 days after entry of the judgment"); 60(b) (stating that motion for relief due to excusable neglect shall be made "not more than one year after the judgment"). Even were this Court to view Plaintiff's Motion as falling under Rule 60(b)(6) (allowing relief for "any other reason justifying relief from the operation of the judgment"), Plaintiff could not satisfy the "within a reasonable time" filing requirement. Plaintiff has not put forth any explanation for why it has taken him almost two years to file this Motion. Accordingly, the Court finds Plaintiff's Motion untimely and DENIES Plaintiff's Request to [Re]Open. See Acevedo-Villalobos, 22 F.3d at 390 (holding district court was without

jurisdiction to grant untimely Rule 59(e) motion to reconsider judgment dismissing complaint).

IT IS SO ORDERED.

William E. Smith
United States District Judge
Dated: 7/29/05